

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**      405 East Eighth Avenue, Suite 2600     (541) 431-4050
Virginia H. Denney, Judicial Assistant     Eugene, Oregon 97401     FAX: (541) 431-4047
Howard J. Newman, Law Clerk

November 30, 2006

Mr. Robert C. Robertson
1175 E. Main Street, #1F
Medford, OR 97504

Mr. G. Jefferson Campbell
PO Box 296
Medford, OR 97501

Mr. Loren Scott
Muhlheim Boyd, LLP
800 East Broadway
Eugene, OR 97401

RE:    TAN, Lie Hung; & MOUNTAIN STATES INVESTMENTS, LLC; Case No. 04-61694-aer11; SHORT v JACOBS; Adversary Proceeding No. 05-6058-aer
Jacobs' <u>Ex Parte</u> and Emergency Motion to Strike Debtors' Objection to Motion and Notice of Intent to Settle

Counsel:

    This letter is intended to announce my ruling on the above-referenced motion.

    As you are aware, the Chapter 11 Trustee recently moved for an order approving a settlement with the Jacobs as to the Jacobs' claim in the main case, and the Trustee's claims and the Jacobs' counterclaims in Adversary # 05-5058-aer.

    The motion was noticed to parties in interest, with an objection period of 10 days from November 8, 2006. The Debtors, herein, timely filed an objection to the settlement. On November 27, 2006, the Jacobs' filed the instant motion to strike the objection based on lack of standing. On November 28, 2006, the Jacobs filed a supplemental memorandum in support of their motion.

    The Jacobs concede that if Debtors have a pecuniary interest in the outcome of the settlement then they have standing. The motion itself notes the probability that if the settlement is approved, this will be a 100% payout case to unsecured creditors under Trustee's confirmed

plan.[1] The Trustee's plan, as amended in the confirmation order, provides that Trustee is to stop liquidating assets once there are sufficient funds on hand to pay all allowed claims in full, with any remaining assets abandoned to the Debtors.[2] These remaining assets are the estate's surplus. Debtors' objection argues that less than the settlement amount is due the Jacobs. If their objection is sustained and the Jacobs ultimately prove claims less than the settlement provides, it is axiomatic that more assets will remain for the Debtors. As such, they have a pecuniary interest in the settlement. Further, even if this does not prove to be a surplus case, it is arguable that because Debtor Lie Tan will not receive a discharge,[3] she has a pecuniary interest in maximizing
 recovery from the estate by other unsecured claimants, so as to minimize her personal exposure. Reduction in the Jacobs' claim would mean more for other unsecured creditors toward that end.

The Jacobs next argue that because the confirmed plan in ¶ 6.1 provides that only the Trustee may object to claims post-confirmation and the Debtors had no pending pre-confirmation objection, they may not now object to the Trustee's settlement, as this would be an "end-run" around the plan's prohibition. I disagree. There is a material difference between objecting to a Trustee's proposed settlement and prosecuting one's own objection. All parties in interest have a right to be heard as to whether the Trustee's (as the estate's fiduciary) decision to settle is provident. Under the Jacobs' reasoning, because no party in interest (debtor or creditor) has filed an objection to their claim, no party has standing to object to the settlement. If that is so, then Trustee's motion and notice is a useless act. Obviously, the Trustee does not so interpret the plan. Neither does the court. Further, even assuming arguendo, that plan ¶ 6.1's prohibition bars the present objection, that prohibition only applies "[u]nless otherwise ordered by the Bankruptcy Court." To the extent necessary, I hereby otherwise order, so as to allow Debtors standing to object to the proposed settlement.

The Jacobs' motion will be denied. The parties will receive separate notice of the hearing on the Debtors' objection.

The above constitute my findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated. An order consistent with the above will be entered.

Very truly yours,

*albert E. Radcliffe*

ALBERT E. RADCLIFFE
Bankruptcy Judge

AER:vhd

---

[1] The Trustee's Second Modified Plan dated June 14, 2006 was confirmed on August 30, 2006, with certain plan amendments incorporated through the confirmation order.

[2] See, Confirmation Order at p.2.

[3] See, Confirmation Order at p.2, preserving the prior denial of Debtor's discharge in Adv. # 04-6183-fra in the Ch. 7 portion of the case.