

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**      405 East Eighth Avenue, Suite 2600     (541) 431-4050
Virginia H. Denney, Judicial Assistant     Eugene, Oregon 97401     FAX: (541) 431-4047
Howard J. Newman, Law Clerk

October 24, 2007

Mr. Loren Scott
Muhlheim Boyd, LLP
88 East Broadway
Eugene, OR 97401

Ms Lie Hung Tan
3801 Cherry Lane
Medford, OR 97504

RE:    TAN, Lie Hung & MOUNTAIN STATES INVESTMENTS, LLC
        Case No. 04-61694-aer11
        Debtor's Objection to Muhlheim Boyd LLP's Second Supplemental Fee Application

Dear Ms Tan and Mr. Scott:

      As you are aware, after the hearing on September 10-12, 2007, I took the above-referenced matter under advisement. This letter's purpose is to announce my findings of fact and conclusions of law as to same.

      The overall case background is familiar to the parties. The main case was filed on March 9, 2004 as a Chapter 7. The case was converted to Chapter 11 on September 17, 2004 on Debtor's motion. On June 22, 2005, Kim Short was appointed Ch. 11 Trustee on a permanent basis. In mid March, 2006, I heard the trustee's motion to substantively consolidate Debtor's estate with that of Mountain States Investments, LLC. The motion was granted.

      The trustee's Second Modified Plan dated June 14, 2006 was confirmed on August 30, 2006 (nunc pro tunc August 17, 2006), with amendments incorporated in the confirmation order. The plan calls for the establishment of a liquidation trust, with Mr. Short as the Liquidation Trustee (**Trustee**). Assets are to be liquidated until all allowed claims are paid in full pursuant to the order of priority set out in 11 U.S.C. § 726,[1] at which point any remaining estate assets

---

[1] Unless otherwise noted, all subsequent statutory references are to Title 11 of the United States Code.

were to be abandoned to the Debtor. On December 29, 2006, Trustee moved to modify the plan to extend sale/auction deadlines. On March 16, 2007, an order was entered granting the motion.

After confirmation, Trustee continued to retain the Muhlheim Boyd firm (**the firm**) to assist him in carrying out his duties. On July 5, 2007 the firm filed its Second Supplemental Fee Application for $7,584.00 in fees and $876.80 in expenses, for a total of $8,460.80. The application covers the period from January 25, 2007 through June 24, 2007. Debtor filed an objection and then supplemental objection to the application. In the supplemental objection, she itemized specific objections to the various tasks performed.

Under the confirmed plan, the firm is to be compensated for post-confirmation services under the standards of § 330.[2] In reviewing fees under § 330(a), the customary starting point is to determine the "lodestar," by multiplying a reasonable number of hours expended by a reasonable hourly rate. Boone v. Derham-Burk *(In re Eliapo)*, 468 F.3d 592, 598 (9th Cir. 2006) (internal quotations and citations omitted); see also, §§ 330(a)(3)(A) (time spent) & (B) (rates charged) as factors to be considered in awarding fees. Debtor does not challenge the firm's hourly rates, but rather the reasonableness of the hours expended. In this regard, I am to examine the circumstances and manner in which services were performed and the results achieved. Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. *(In re Mednet)*, 251 B.R. 103, 108 (9th Cir. B.A.P. (Nev.) 2000). Debtor's main challenge is that the firm provided services which Trustee should have performed himself. This calls to issue a threshold inquiry, that is, whether the challenged services were in fact compensable legal services. Ferrette & Slater v. U.S. Trustee *(In re Garcia)*, 335 B.R. 717, 725 (9th Cir. B.A.P. (S.D. Cal.) 2005).

Under § 328(b), compensation to a trustee who is also employed as the estate's attorney, for performance of any of the trustee's duties that are generally performed without an attorney's assistance, will be disallowed. As a corollary, numerous courts have examined the role of a trustee's outside counsel in this context. As a general proposition, a trustee will be held to the standard of a sophisticated pro se litigant, and will be expected to handle routine administrative matters without the need of counsel. See, e.g., In re King, 88 B.R. 768, 770-71 (Bankr. E.D. Va..1988) (listing a trustee's typical administrative tasks for which counsel may in general, not be compensated). "[A] case trustee may only employ professionals for tasks that require special expertise beyond that expected of an ordinary trustee." Ferrette & Slater, supra at 727. For instance, applications for employment, Id. at 726, as well as simple sale notices/motions, In Re McKenna, 93 B.R. 238, 241 (Bankr. E.D. Cal. 1988), generally do not require counsel.[3] In contrast, services performed in an adversary proceeding or a contested matter where the trustee

---

[2] After confirmation, the firm retained its status as a "Professional Person," with its fees subject to court approval under § 330's standards. Second Modified Plan at §§ 6.2.2, and 10 (Glossary-definition of "Professional Person").

[3] I must emphasize that the above parameters are not without flexibility given the appropriate circumstances. As the court in King stated: "In unique circumstances when matters normally handled by the trustee involve complex legal issues, and the applicant has demonstrated the need for his involvement, courts have allowed compensation. The burden, however, is entirely on the attorney requesting compensation to justify the services rendered." King, supra at 770-771 (internal citations omitted).

is required to appear and defend, have been held to be proper services for trustee's counsel. <u>In re Perkins</u>, 244 B.R. 835, 842 (Bankr. D. Mt. 2000). Preparation of legal documents such as a stipulation and release have also been held to be compensable legal services, even if the documents are not complex. <u>Ferrette & Slater</u>, <u>supra</u> at 728.

      Based on the evidence presented at the September, 2007 hearing, and guided by the above authority, I will deny the firm compensation for services in the following general categories: 1) preparing notices/motions to sell real property; 2) drafting applications to employ professionals; 3) drafting liquidation analyses; 4) corresponding with the U.S. Trustee's office re: U.S. Trustee fees; 5) calculating and corresponding re: the amount and disbursement of claims; 5) reviewing financial information for inclusion in an interim report of estate assets (filed in conjunction with fee applications); 6) corresponding with various parties regarding the 2004 tax return; and 7) conferences with the estate's realtor re: keeping buyers "on track" and the timing of closing. The total disallowed is $1,371.00. Thus, the application will be allowed in the amount of $6,213.00 in fees and $876.80 in costs. An order consistent herewith will be entered.

      The above constitute my findings of fact and conclusions of law pursuant to FRBP 7052. They shall not be separately stated.

      Very truly yours,

      *albert E. Radcliffe*

      ALBERT E. RADCLIFFE
      Bankruptcy Judge

AER:vhd