

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**  405 East Eighth Avenue, Suite 2600  (541) 431-4050
Virginia H. Denney, Judicial Assistant  Eugene, Oregon 97401  FAX: (541) 431-4047
Howard J. Newman, Law Clerk

March 6, 2008

Ms Lie Foen Tan
3264 Ford Drive
Medford, OR 97504

Mr. Loren S. Scott
Muhlheim & Boyd
88 East Broadway
Eugene, OR 97401

RE:   TAN, Lie Hung & MOUNTAIN STATES INVESTMENTS, LLC
      Case No. 04-61694-aer11
      Liquidating Trustee's Objections to Lie Foen Tan's Proofs of Claim ##44 & 45

Dear Ms Tan & Mr. Scott:

      This letter is intended to announce my findings of fact and conclusions of law in the above-referenced matters.

      On January 2, 2008, Ms Lie Foen Tan (LFT) filed Proof of Claim # 44 for $39,600 secured, the basis of which is a claimed homestead exemption in the property on Ford Drive in Medford. The Liquidating Trustee has objected thereto and recommended disallowance in full. Although Ms Tan has requested a hearing on the objection, I will sustain it without hearing and disallow the claim, as the claim on its face shows no basis for allowance. LFT is not the bankruptcy debtor herein. She is the debtor's sister. As established at earlier hearings, the Ford Drive property is estate property. The Liquidating Trustee wishes ultimately to sell the property to pay the debtor's, not LFT's, creditors herein. Under 11 U.S.C. § 522(b), only the bankruptcy debtor may claim exemptions.

      Also on January 2, 2008, LFT filed Proof of Claim # 45 for an administrative expense of $44,489 consisting of mortgage payments on the Ford Drive property. The Liquidating Trustee has objected thereto based on prior rulings discussed below and recommended that the claim be disallowed in full. LFT's request for hearing indicates the amount claimed is actually $43,245 consisting of $36,420 in mortgage payments and $6,825 in property taxes paid.[1] Previously LFT claimed these same types of expenses by Affidavit on July 19, 2007, to which the Liquidating Trustee objected. I conducted an evidentiary hearing September 10-12, 2007. The claim was denied

---

[1] LFT alleges the mortgage payments cover the period from the Trustee's appointment on June 22, 2005 through December 31, 2007 (30 months at $1,214/mo.), and the taxes consist of payment of $3,500 on July 7, 2006, and $3,325 paid on July 13, 2005.

by minute order entered September 17, 2007.[2]  At the September hearing, LFT continued to argue Ford Drive was her property, despite a January, 2006 order in Adversary Proceeding #05-6185-aer which deems it estate property.  At that time, I orally announced my findings and conclusions.  It was undisputed that LFT lived on the property at all material times.[3]  I found there was no agreement for rent between LFT and the Trustee.  Assuming Ford Drive was estate property, I rejected LFT's argument that she should live there for free and denied the claim, impliedly holding that reasonable rent would fully set off any administrative claim for mortgage and taxes paid.  Alternatively, I held that if Ford Drive was actually LFT's, she would have no administrative claim against the estate for reimbursement of her tax and mortgage payments.

At the time of the September hearing, Adversary Proceeding #07-6149-aer was pending to evict LFT from Ford Drive.  I conducted the trial therein on December 11, 2007.  The Ford Drive property was again held to be estate property.  LFT by counterclaim again asserted an administrative claim for the mortgage and tax payments to date.  A judgment was entered on January 2, 2008, requiring LFT to vacate the property by February 11, 2008 or redeem it from the estate for $170,000.  LFT was awarded nothing on her counterclaim.

In her present request for hearing, LFT argues the September 17, 2007, minute order was based merely on her being Ford Drive's owner and now that the eviction adversary has resolved that issue in the estate's favor, she can re-file her claim for administrative expenses.  However, as discussed above, one of my alternative rationales denied her claim assuming Ford Drive was estate property.  Further, she received nothing on her counterclaim for the same expenses.  Of more import, nowhere do the minute order and the adversary judgment indicate they were without prejudice.  That order and judgment are the law of the case.  Granting LFT a hearing on the Liquidating Trustee's objection will not change that.  Therefore, the Liquidating Trustee's objection to Proof of Claim # 45 will be sustained and the claim disallowed.

The above constitute my findings of fact and conclusions of law pursuant to FRBP 7052; the shall not be separately stated.  An order consistent herewith will be entered.

                Very truly yours,

                *albert E. radcliffe*

                ALBERT E. RADCLIFFE
                Bankruptcy Judge

AER:vhd

cc:    Mr. Ronald C. Becker; Attorney for U. S.. Trustee
       Ms Lie Hung Tan, Debtor

---

[2] LFT had also claimed administrative expenses for mortgage payments as to property located on Gregory St., in Medford.  After the September, 2007 hearing, I took that matter under advisement.  On November 8, 2007, I entered a letter opinion and order allowing LFT an administrative claim of $15,961.95 for those payments.  LFT acknowledges that amount has been paid.

[3] Proof of Claim # 45 and LFT's present request for hearing do not indicate otherwise.