

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**  405 East Eighth Avenue, Suite 2600  (541) 431-4050
Virginia H. Denney, Judicial Assistant  Eugene, Oregon 97401  FAX: (541) 431-4047
Howard J. Newman, Law Clerk

November 21, 2008

Mr. Thaddeus G. Pauck  Mr. Loren Scott
PO Box 128  Muhlheim Boyd, LLP
Medford, OR 97501  88 East Broadway
 Eugene, OR 97401

Mr. Kim Short
RK Short & Associates, Inc.  Ms. Lie Hung Tan
425 West 3rd Avenue  3264 Ford Drive
Eugene, OR 97401  Medford, OR 97504

RE: Remington Family Trust's Request for Payment of Administrative Expenses
TAN, Lie Hung & MOUNTAIN STATES INVESTMENTS, LLC
Case No. 04-61694-aer11

Parties:

    This letter will announce my findings of fact and conclusions of law on the above-referenced matter.

    As the parties are aware, in June of this year Debtor moved for an order requiring that the Remington Family Trust refund to the Chapter 11 Liquidation Trust, alleged overpayments on its secured claims, said payments having been made from the closing of two real property sales conducted by the Chapter 11 trustee pre-confirmation. The Remington Family Trust opposed the motion. By minute order entered after hearing on July 22, 2008, Debtor's motion was denied as untimely.

    The Remington Family Trust now asks that $4,180 be paid to it as an administrative expense. The amount claimed consists of attorney's fees for defending against Debtor's motion. The fees are claimed under attorney fee clauses in the underlying debt instruments. The motion however cites no Bankruptcy Code section in support thereof. Generally, 11 U.S.C. § 503(b)(1)(A) provides administrative expense status for "actual, necessary costs and expenses of preserving the estate." "The terms 'actual' and 'necessary' are to be construed narrowly, and must be the actual and necessary costs of preserving the estate for the benefit of its creditors." In Re BCE West L.P., 319 F.3d 1166, 1173 (9th Cir. 2003) (internal quotations and citations omitted). In general to qualify as an administrative expense in the Chapter 11 context, the claimant must show that the debt:

>(1) arose from a transaction with the debtor-in-possession as
>opposed to the preceding entity (or, alternatively, that the claimant
>gave consideration to the debtor-in-possession);[1] and (2) directly
>and substantially benefitted the estate.

In re DAK Industries, Inc., 66 F.3d 1091, 1094 (9th Cir.1995) (internal quotations and citations omitted). Ignoring prong #1 for the moment, the Remington Family Trust alleges no benefit to the estate from the fees at issue. In fact, the court is hard-pressed to imagine any scenario where successful defense of a motion to disgorge or refund estate assets could possibly benefit the estate as a whole. Instead, the benefit would run to the successful defending creditor alone.

With denial of administrative status, the court abstains from resolving the present claim for fees, and leaves it to the Remington Family Trust to assert its claim in another forum if it deems such action appropriate.

An order consistent with the above will be entered.

>Very truly yours,
>
>*albert E. radcliffe*
>
>ALBERT E. RADCLIFFE
>Bankruptcy Judge

AER:vhd

---

[1] Transactions with a Chapter 11 trustee, who like a debtor-in-possession acts as the estate's fiduciary, would also qualify.